COLEMAN v. SCHWARTZ.

(Court of Appeals of District of Columbia. Submitted October 13, 1920. Decided November 8, 1920.)

No. 3365.

1. **Insane persons ⬅⟲33 (1)—Appointment of committee without hearing relatives voidable only.**
   Under Code of Law 1901, § 115b, giving the court authority to direct the affairs of insane persons and to appoint a committee for such persons after hearing the nearest relatives, the hearing of the relatives is not essential to the court's jurisdiction, so that an appointment of a committee without such hearing is an irregularity, and is voidable only, not void, and can be confirmed by the court after hearing a relative.

2. **Insane persons ⬅⟲34—Court has discretion to name committee, reviewable only for abuse.**
   Under Code of Law 1901, § 115b, no one has the right to be appointed committee of an insane person; but the court can name such person as it may think proper, and its action is subject to review only where its discretion has been abused.

3. **Insane persons ⬅⟲34—Appointment as committee of trustee under mother's will held not abuse of discretion.**
   It was not an abuse of discretion for the court to appoint as committee of an insane person the executor and trustee designated by the mother of the insane person, since the court has jurisdiction to supervise the

Acts of the trustee and the committee, and there is no necessity that the duties be performed by separate persons.

Appeal from the Supreme Court of the District of Columbia.

Petition by Belle Coleman for the removal of Edward P. Schwartz as committee of a lunatic. Petition dismissed, and petitioner appeals. Affirmed.

E. Hilton Jackson, of Washington, D. C., for appellant.

C. W. Darr and R. J. Whiteford, both of Washington, D. C., for appellee.

SMYTH, Chief Justice. Belle Coleman appeals from a decree of the Supreme Court of the District, dismissing her petition for the removal of Schwartz as committee of one Brumidi, a lunatic, and ratifying and confirming his previous appointment.

In June, 1916, Brumidi was decreed to be of unsound mind and committed to St. Elizabeth's Hospital for the Insane. Schwartz, being the executor of the last will and testament of Brumidi's mother, and trustee of a life estate in his favor under her will, petitioned the court in March, 1919, to appoint him as a committee for Brumidi, and he was subsequently appointed. Some six months after this Coleman, claiming to be a first cousin of Brumidi, petitioned for the removal of Schwartz, on the ground, as alleged, that his appointment was made without notice to Brumidi's next of kin, who were residents of the District of Columbia. Schwartz, at the time he made his application, did not know that Brumidi had any relatives in the District. Coleman does not petition on behalf of the other relatives, although she names them. She speaks for herself only.

[1] The Code provides that the court—

"shall have full power and authority to superintend and direct the affairs of persons non compos mentis, and to appoint a committee or trustees for such persons after hearing the nearest relatives of such person or some of them if residing within the jurisdiction of the court, and to make such orders and decrees for the care of their persons and the management and preservation of their estates, * * * as to the court may seem proper." Section 115b.

It will be noticed that by the first part of the section the court is given jurisdiction of the affairs of insane persons, and by the second part is authorized to appoint a committee or trustee of such persons after hearing the nearest relatives of such person or *some* of them. Having jurisdiction, the failure to hear the relatives before making the appointment was merely an irregularity which at most rendered the appointment voidable, not void. Kimball v. Fisk, 39 N. H. 110, 75 Am. Dec. 213, and note.

Assuming that the appointment of Schwartz was voidable, the court had the right, after hearing from Coleman, one of the nearest relatives, to ratify and confirm the appointment. This is what the court did, for it says in its decree, after dismissing the Coleman petition:

"That the appointment of Edward P. Schwartz as committee herein be and the same is hereby ratified and confirmed."

**[2, 3]** There is nothing in the statute which gives to any one the right to be appointed the committee of an insane person. The court has power to name such person as it may think proper. Its action in that regard is subject to review only where discretion has been abused, and there is no suggestion of anything of that kind in the present proceeding. Mr. Schwartz had the confidence of Brumidi's mother. She named him as the executor of her will, and gave into his charge as trustee a life estate in favor of Brumidi. The manner in which he has gathered and preserved the estate of his ward, as indicated by the record, shows that the court made no mistake in his selection.

It is objected that, unless some other person is appointed as the committee of Brumidi, there will be nobody in existence to see that Schwartz discharges faithfully his trust under the terms of the will. But the answer to this is that he, both as testamentary trustee and committee, is under the control and direction of the court. The court would undoubtedly gladly listen to any one who knew that he was not faithful to his duty. Moreover, the question as to whether two persons should have been appointed, one for each position, or one person for both places, rested in the sound discretion of the court, and is not subject, on this record, to review by us.

We think the action of the court was right, and the judgment is affirmed, with costs.

Affirmed.